IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24 C 11944 |
| ) | |
| MARZAN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Marzan Williams was charged in a six-count superseding indictment with distribution of heroin (Counts 1 & 2), possession with intent to distribute cocaine (Count 3), and possession with intent to distribute heroin, cocaine, and cocaine base (Count 4), all in violation of 21 U.S.C. § 841(a)(1), as well as possession of a firearm by a felon (Count 5) in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime (Count 6) in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Williams*, 19 CR 66 (N.D. Ill.). The case was pending before another judge in this District from January 2019 until February 2023, when it was reassigned to the undersigned judge.

The Court then set the case for trial in June 2023. Shortly before trial, Mr. Williams pled guilty to one of the narcotics charges and admitted the underlying conduct for the other narcotics charges, agreeing that it could be considered at sentencing. The parties agreed to a stipulated bench trial on the felon-in-possession charge, which

1

resulted in a finding of guilty. After a bench trial, the Court also found Williams guilty on the section 924(c) charge.

On December 19, 2023, the Court sentenced Mr. Williams to a prison term totaling 120 months. This included concurrent sentences of sixty months on Counts 2 and 5, and the mandatory, consecutive sixty-month term on Count 6. Mr. Williams did not appeal his conviction or sentence.

On November 19, 2024, Mr. Williams filed a *pro se* motion under 28 U.S.C. § 2255 to vacate or set aside his sentence. He primarily argues that his trial counsel failed to take several actions that he says prejudiced him at key stages during the proceedings in his case and that he therefore received ineffective assistance of counsel. For the following reasons, the Court denies Mr. Williams's motion.

**Background**

On May 18, 2023, Mr. Williams was charged in a six-count superseding indictment arising from the sale of narcotics to cooperating sources on two separate occasions, as well as the recovery of narcotics and a firearm from Mr. Williams's home. On June 2, 2023, Mr. Williams pled guilty to Count 2, distribution of a controlled substance (in this case, heroin) in violation of 21 U.S.C. § 841(a)(1). He also stipulated to facts that would establish his guilt on Count 5, a felon-in-possession charge under 18 U.S.C. § 922(g). Specifically, Mr. Williams stipulated that on January 22, 2019, he knew that he was a convicted felon and that he had a firearm in his apartment. Williams waived a jury on both Count 5 and Count 6, a charge under 18 U.S.C. § 924(c) of possessing a firearm in furtherance of a narcotics trafficking charge. The government dismissed the remaining counts.

The bench trial on Count 6 took place on various dates in June and July, 2023. Among other evidence, the government offered the testimony of ATF Special Agent Andrew Karceski. Agent Karceski served as an expert in narcotics trafficking and testified about the quantity of narcotics recovered from Mr. Williams's apartment and about various matters relating to the firearm recovered from Mr. Williams's bedroom. Specifically, Agent Karceski stated that the quantity of drugs recovered was more than would typically be for personal use, thus supporting an inference that Mr. Williams possessed these narcotics with the intent to distribute them. Agent Karceski also testified regarding the links between drug trafficking and firearms to establish that Mr. Williams possessed the firearm in furtherance of drug trafficking, rather than simply to protect his home and family. Following the trial, the Court found Mr. Williams guilty on Count 5 based on the stipulated facts and on Count 6 based on the evidence presented at trial.

Following the bench trial, Mr. Williams and his counsel separately filed motions for a new trial pursuant to Federal Rule of Criminal Procedure 33 (the Court allowed Mr. Williams to file a separate *pro se* motion). Counsel's motion argued that the felon-in-possession charge was unconstitutional based on the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). Mr. Williams's *pro se* motion argued that the verdict was not supported by the evidence and that his counsel had rendered ineffective assistance in violation of his constitutional rights. The Court denied both motions in late 2023.

On December 19, 2023, the Court sentenced Mr. Williams to a term of 120 months' imprisonment. This consisted of a mandatory minimum sixty-month prison term

3

on Count 2 and an additional, mandatory sixty-month term on Count 6, required by law to run consecutively on the sentence on Count 2. The Court made clear at the time of sentencing that it was imposing no additional time for Count 5, the felon-in-possession charge. See Sent'g Tr. at 39:23–40:1, United States v. Williams, No. 19 CR 66 (N.D. Ill. Mar. 26, 2025) (ECF No. 285). Mr. Williams did not appeal his conviction or his sentence.

Mr. Williams later filed a motion for compassionate release and a motion to vacate, correct, or set aside his sentence under Federal Rule of Criminal Procedure 35(a). The Court denied these motions; it found that the Rule 35(a) motion was untimely and also lacked merit, as his arguments repeated those previously presented in his earlier motion challenging the sufficiency of evidence regarding his section 924(c) charge. The Court also denied Mr. Williams's motion for compassionate release on the merits after finding that he had failed to make the required showing. Again, Mr. Williams did not appeal the Court's decisions on these motions.

On November 19, 2024, Mr. Williams timely filed the present *pro se* motion seeking relief from his sentence under 28 U.S.C. § 2255.

## Discussion

A court may grant relief from a federal sentence under 28 U.S.C. § 2255 if "the sentence was imposed in violation of the Constitution or laws of the United States," among other reasons. 28 U.S.C. § 2255. Generally, claims not brought on direct appeal may not be raised for the first time on collateral review "unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims for ineffective assistance of counsel, however, "may be brought in a collateral

4

proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.*

Mr. Williams raises eight issues in his motion: (1) he requests discovery under Rule 6; (2) he references a motion presented to the Court that he contends "prosecution claimed to have no knowledge of"; (3) he argues that trial counsel failed to introduce testimony of witnesses he contends would have contradicted the government's theory of the case; (4) he challenges trial counsel's alleged failure to put on any requested defense or strategy; (5) he says that "[n]o requested Jencks material adhered [to]"; (6) he challenges counsel's performance during the bench trial, specifically her failure to object during the bench trial and refusing to argue any suppression issues; (7) he contends his trial counsel told him that "she has to ask prosecution if she can ask any question[s]" of witnesses at the bench trial and thereby rebuffed Mr. Williams's request to ask certain questions; and (8) he challenges trial counsel's failure to ask specifically requested questions to Agent Olusegun Ayeni during the bench trial, as well as counsel's claimed decision to show Williams's requested questions to the prosecution during a break. Def.'s § 2255 Mot. at 16.

The Court will begin by addressing certain stand-alone issues raised by Mr. Williams before moving on to the main focus of his section 2255 motion, which involves claims of ineffective assistance of counsel.

**A.     Preliminary issues raised in Williams's § 2255 motion**

As a preliminary matter, Williams indicates in his reply that his first and second claims are "no longer needed." Def.'s Reply in Supp. of § 2255 Mot. at 10. The Court

5

will therefore make no finding regarding these claims other than to note that Mr. Williams has withdrawn them.

The Court next addresses Mr. Williams's contention that "[n]o Jencks material[s] [were] adhered [to]." Def.'s § 2255 Mot. at 16. He provides no specific explanation for what he intends by this contention, nor does he elaborate on how the contention would entitle him to relief under section 2255. If Mr. Williams is contending that his sentence should be vacated because prosecutors violated the requirement to produce statements of testifying witnesses it calls at trial, he has not explained how he contends prosecutors violated this requirement. *See* 18 U.S.C. § 3500(b) (describing prosecutorial duties under the Jencks Act). Mr. Williams does not identify or describe any witness statements that he contends were not produced. His fifth claim fails on this basis.

Mr. Williams also appears to contend that his Fifth Amendment rights were violated.[1] Specifically, he argues that the Court misapplied controlling precedent. The Court assumes this contention relates to his argument that his conviction on his section 924(c) charge was unsupported by the evidence or that the Court erred in relying on the factors listed in *United States v. Duran*, 407 F.3d 828 (7th Cir. 2005). Because the Court has explained why the evidence was sufficient in its previous order (which Mr. Williams has not appealed), *see United States v. Williams*, No. 19 CR 66, 2023 WL 8621953, at *2–3 (N.D. Ill. Dec. 13, 2023), and because it finds that *Duran* is still good

---

[1] Mr. Williams does not appear to list these Fifth Amendment violations as separate issues under the "Issues Presented" section of his 2255 motion, but he argues elsewhere that his Fifth Amendment rights were violated. *See* Def.'s § 2255 Mot. at 18–19. The Court construes Mr. Williams's *pro se* motion liberally and will thus address the point.

law, it is unpersuaded that it committed an error of law or otherwise violated Mr. Williams's Fifth Amendment rights.

Mr. Williams next contends that the government violated his Fifth Amendment right to due process due to an "unfulfilled promise of the prosecutor to recommend leniency" should he plead guilty. Def.'s § 2255 Mot. at 18. According to Mr. Williams, "[a] sentence based on a guilty plea that was induced by reliance on an unfulfilled prosecution promise is void." *United States v. McCarthy*, 433 F.2d 591, 592 (1st Cir. 1970). But Mr. Williams's motion does not identify that any particular promise of leniency was unfulfilled. When he entered his guilty plea on Count 2, Mr. Williams swore under oath that no agreements or promises had been made to induce him to plead guilty. Hr'g Tr. at 7:6–17, United States v. Williams, No. 19 CR 66 (N.D. Ill. June 2, 2023) (ECF No. 225). And, in consideration of the guilty plea on Count 2, the government dismissed the remaining drug charges. *See* Sent'g Tr. at 43:24–44:3 (ECF No. 285). It is also worth pointing out that the Court imposed the lowest sentence it was permitted by law to impose: the five-year mandatory minimum term on Count 2, plus the five-year mandatory consecutive term on Count 6. In short, Mr. Williams was sentenced to the lowest term permissible by law for his convictions. Thus any further argument regarding leniency on the government's part could not have possibly impacted his sentence.

Finally, Mr. Williams seems to contend that the Court convicted him on a factual basis that effectively modified an essential element of the offense charged, which contravened his Fifth Amendment right to be "tried only on the charges presented in a grand jury indictment." Def.'s § 2255 Mot. at 18 (quoting *United States v. Chandler*, 858

7

F.2d 254, 256 (5th Cir. 1988)).  The Court reads this as an argument that it modified the "in furtherance" element of the section 924(c) charge.  The Court is unpersuaded that there was any such modification.  The Court has previously addressed arguments regarding the sufficiency of evidence supporting its finding that Mr. Williams possessed the firearm recovered in his apartment "in furtherance" of a drug trafficking crime and will not revisit these arguments here.

For these reasons, the Court overrules Mr. Williams's Fifth Amendment challenge.  The Court turns next to his remaining arguments, all of which concern claimed ineffective assistance of counsel.

**B.    Ineffective assistance of counsel**

The Sixth Amendment guarantees the right to counsel in all criminal proceedings "in order to protect the fundamental right to a fair trial."  *Strickland v. Washington*, 466 U.S. 668, 684 (1984).  Included in the right to counsel "is the right to the effective assistance of counsel."  *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)).  To successfully maintain an ineffective assistance of counsel claim, a criminal defendant must show two things:  (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Id.* at 687.  Failure to establish either element defeats a movant's claim.  *See Dunn v. Jess*, 981 F.3d 582, 591 (7th Cir. 2020).

To show prejudice from counsel's deficient performance, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the

8

outcome." *Id.* A court reviewing a claim of ineffective assistance "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Further, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* It is therefore incumbent on the petitioner to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment" in order to "affirmatively prove" "that [the errors] actually had an adverse effect on the defense." *Id.* at 690, 693.

Mr. Williams asserts several claims regarding his counsel's performance during the bench trial. He also argues he was misinformed or otherwise misled about how his stipulations regarding the felon-in-possession charge would purportedly impact his ability to defend against the 924(c) charge. *See* Def.'s § 2255 Mot. at 22. The Court construes this as an allegation that Mr. Williams's counsel rendered ineffective assistance during the entry of his guilty plea. Upon reviewing Mr. Williams's motion and the record evidence, the Court finds that he has failed to sufficiently identify any specific acts or omissions by trial counsel that, if done differently, would make it reasonably probable that there would have been a different outcome.

First, Mr. Williams's stipulations regarding the felon-in-possession charge did not impact the Court's finding of guilt on the section 924(c) charge. The Court based its finding on the possession element on the latter charge on the evidence presented at the bench trial, not on Mr. Williams's stipulations.

Second, Mr. Williams's arguments regarding his counsel's alleged failure to introduce the testimony of witnesses who would undermine the government's theory of

the case are unpersuasive. Mr. Williams identifies three individuals whose testimony he claims would serve this function: Suton Williams, the confidential source who contacted him about procuring drugs (hereinafter "the CS"); Special Agent Olusegun Ayeni, who witnessed the drug transaction underlying Count 2 between Mr. Williams and the CS; and Task Force Officer Jeff Werniak, one of the officers present when Mr. Williams's apartment was searched and the gun underlying his section 924(c) charge was recovered.

      The questions for these witnesses that Mr. Williams identifies in his 2255 motion are not reasonably likely to have produced answers that likely would have undermined the government's theory of the case or led to a different outcome. For example, it is immaterial how the CS would respond to questions about whether Mr. Williams had ever possessed a gun, whether he previously knew Mr. Williams, or whether he knew Mr. Williams to be selling drugs prior to requesting drugs from him. Mr. Williams states multiple times, including in his 2255 motion, that he procured the drugs at the behest of the CS and intended to sell these drugs to the CS. It does not matter whether Williams only did so at the CS's request, or because Williams allegedly owed the CS "a favor." Ultimately, Mr. Williams possessed the drugs at issue and admits that he possessed them with the ultimate goal of transferring them to the CS. This is possession with intent to distribute, and nothing that the CS may or may not say in response to the questions in Williams's motion would have undermined the Court's decision to convict Williams of Count 2, the charge of possession with intent to distribute. Questions directed to the CS about Mr. Williams's history of gun use would likewise have done nothing to undermine the Court's decision to convict Mr. Williams of Counts 5 and 6.

The questions directed towards Agent Ayeni and Officer Werniak would have served Mr. Williams no better. The Court's finding that he possessed the handgun in furtherance of a drug trafficking crime did not rest upon a determination that his home looked like "a drug site" as opposed to "a welcoming home." Nor would it matter how long the officers were in Mr. Williams's apartment prior to finding the drugs and gun, because he admits that he permitted officers to conduct a search of his home. Finally, there is nothing in the record to indicate that Mr. Williams's statements to the police were a result of threats or coercion or that he was denied counsel during police questioning after he requested it. Therefore, the Court is unpersuaded that asking Officer Werniak whether Mr. Williams was threatened or was denied requested counsel would result in testimony that would have changed this Court's decision.

Mr. Williams also raises, as a separate issue, the contention that his trial counsel took a list of questions that he requested asked of Agent Ayeni and showed them to prosecution during a trial break (Issue 8), and further that his counsel told him that "she has to ask prosecution if she can ask any question [he] may present for trial" (Issue 7). *Id.* at 16. Mr. Williams contends that, upon return from this conversation with prosecution, his counsel refused to ask Agent Ayeni his questions. *See id.* Mr. Williams, however, has failed to describe with specificity what these questions were. Assuming that this list of questions includes those addressed above, the Court has already found that those questions would not have resulted in a different outcome for Mr. Williams and thus that he was not prejudiced by his counsel's failure to ask them. Nor does the Court find it improper that Mr. Williams's counsel would confer with prosecution about potential witness questions, at least not without knowing more about

what the proposed questions were. The Court therefore finds that Mr. Williams's arguments presented as Issues 3, 7, and 8 are insufficient to warrant relief under section 2255.

Next, there is no basis for the Court to find, as Mr. Williams contends, that counsel's failure to object resulted in prejudice to Mr. Williams. First, the Court has already addressed arguments regarding the sufficiency of evidence supporting his conviction under 18 U.S.C. § 924(c), which he previously asserted in his post-trial motion. *See Williams*, 2023 WL 8621953, at *2–3. Mr. Williams did not appeal that decision, and a 2255 motion is not a proper vehicle to revisit this contention. *See Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (explaining that a claim not raised on direct appeal and only "raised for the first time on collateral review is procedurally defaulted"). A district court may only review a procedurally defaulted claim if "the petitioner shows either (1) actual innocence or (2) cause and prejudice." *Id.* Mr. Williams has not shown that his default should be excused on either of these bases.

Though Mr. Williams asserts arguments that Agent Karceski's testimony was improper or otherwise insufficient, these are the same points he argued in his post-trial motions. Again, a section 2255 motion is not a proper way to revisit those contentions. The Court has already reviewed Agent Karceski's testimony and the questions asked of him and has concluded that neither was improper. Nothing in Mr. Williams's 2255 motion persuades the Court to change this finding. And even if Mr. Williams's trial counsel had objected, those objections would not have resulted in any testimony being deemed inadmissible. The Court is thus unpersuaded by Mr. Williams's contention that

trial counsel's failure to object to Agent Karceski's testimony regarding the section 924(c) charge prejudiced him.

The Court has also already addressed Mr. Williams's contention that the Court applied some sort of a "presumption" in determining that his possession of the handgun was in furtherance of a drug trafficking crime. The Court did nothing of the kind, as is clear from its oral ruling after the conclusion of the bench trial.

Regarding the general contention listed as claim 4—"[t]rial counsel not putting on any requested defense or strategy," Def.'s § 2255 Mot. at 16—Mr. Williams does not identify any particular "requested defense or strategy" that his counsel failed to put forth beyond what the Court has already addressed. Because it is on Mr. Williams to identify the acts or omissions by counsel that he contends prejudiced him, the Court finds that he has failed to meet his burden. *See Strickland*, 466 U.S. at 694.

Finally, there is no basis to conclude that Mr. Williams's counsel rendered ineffective assistance during the entry of his guilty plea on Count 2. Mr. Williams's contention that he did not completely understand the nature and consequences of the guilty plea and was misled by his counsel and the Court is belied by the record. During the change of plea hearing, Mr. Williams was expressly asked if he understood the charges against him and had sufficient time to discuss these charges with this attorney. Hr'g Tr. at 6:11–7:5, 7:22–24 (ECF No. 225). Mr. Williams responded that he had discussed his charges with his attorney, had his questions answered, and was satisfied with the advice rendered. *Id.* Repeatedly during the hearing, Mr. Williams's responses to the Court's questions made it clear that he fully understood the nature and consequences of the proceedings and of his decision to plead guilty on Count 2. The

13

Court is sympathetic to Mr. Williams's statement that he "[w]as mentally disturbed, having anxiety, and feeling hopeless," Def.'s § 2255 Mot. at 22, but under the circumstances that assertion does not provide a basis to undo his guilty plea or his sentence. The Court inquired into his competency during the change of plea hearing and found Mr. Williams competent. *See* Hr'g Tr. at 5:7–6:10 (ECF No. 225). If Mr. Williams's state of mind prevented him from understanding what he was pleading to, the proper time to raise that was when he was questioned during the hearing. In sum, the Court overrules Mr. Williams's contention that he was provided ineffective assistance of counsel during his plea hearing.

For the reasons discussed, Mr. Williams's claims of ineffective assistance lack merit.

## Conclusion

For the reasons stated above, the Court denies Mr. Williams's motion under 28 U.S.C. § 2255 [dkt. no. 1]. The Clerk is directed to enter judgment stating: Marzan Williams's motion under 28 U.S.C. § 2255 is denied. The Court also declines to issue a certificate of appealability, as the Court can find nothing to suggest that the merits of the claims that were rejected are debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. § 2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley*, 121 F.3d 1308, 1312 (7th Cir. 1997).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 15, 2025

14